As stated above, her right of recovery as to the extent of her injury rests entirely upon her own testimony.

While a person being treated by a physician is not under any legal duty to call the physician to testify as to the extent of her injuries, and the opposing parties cannot avail themselves of the use of such physician as a witness, because of the privilege statute, we think there may be indulged, as an inference of fact, that, where no physician is called, and many are available, and the extent of the injury would depend largely upon the expert testimony of a physician, the presumption that the injured party would have called some physician had the injuries been serious. The fact that the party lived where there were many physicians, and claimed to have suffered injury, and still called no physician, nor had any treatment save as above stated, would raise the presumption that such testimony, if produced, would be against the claim of such party. In the case of Kress & Co. v. Sharp, 156 Miss. 693, at page 710, 126 So. 650, 655, 68 A. L. R. 167, there is contained the following statement: "There is another vital rule: 'The object of a judicial trial is to enable the State to establish and enforce justice between party and party,' and 'when a party appeals to the sovereign for justice he impliedly consents to the doing of justice to the other party, and impliedly agrees in advance to make any disclosure which is necessary to be made in order that justice may be done'—the latter, of course, not including any privileged matter. 1 Thomp. on Trials (2d Ed.) § 859."

The jury's verdict is so large, when considered in the light of contributory negligence and the character of the injuries sustained, as to manifest passion, prejudice, and favoritism. We are conscious of the fact that the verdict of a jury is to be given great weight, and is the best means, when fair, of settling disputed questions of fact. Nevertheless, throughout the entire history of jury trials, the courts have exercised a supervisory power over them, and have granted new trials whenever convinced, from the evidence, that the jury has been partial or prejudiced, or has not responded to reason upon the evidence produced. The duty of the court in supervising trials by jury is such a vital part thereof that no court may refuse to exercise such power whenever fully convinced of its duty so to do.

We are satisfied, in the case at bar, that the verdict is so largely excessive as to evince passion and prejudice.

The judgment as to liability will be affirmed, and, if the appellee will remit the damages to $1,000 and interest thereon from the date of this trial within fifteen days from the date of the decision of this case, the judgment will be affirmed; otherwise it will be reversed and the cause remanded for the assessment of damages alone.

Affirmed, with remittitur.

## S. FRIEDLANDER v. J. T. SIMS.
### No. 31789.

Supreme Court of Mississippi.
June 10, 1935.

Stone & Stone, of Coffeeville, for appellant.

S. C. Mims, Jr., of Grenada, for appellee.

PER CURIAM.
Affirmed.

## S. FRIEDLANDER v. H. H. SIMS.
### No. 31790.

Supreme Court of Mississippi.
June 10, 1935.

Stone & Stone, of Coffeeville, for appellant.

S. C. Mims, Jr., of Grenada, for appellee.

PER CURIAM.
Affirmed.